Complaint of George D. ROWLEY, as owner of a 1968 BELL BOY INBOARD-OUTBOARD MOTOR BOAT, for Exoneration from or Limitation of Liability, Petitioner,

Claim of Richard W. MAYS and Lucille Mays, as parents of Jack Dean Mays, Deceased, Claimants,

Claim of Debra Lynn PEDIGO, an infant, by Carol L. Pedigo, her guardian ad litem, Claimant.

Civ. No. 2–74–46.

United States District Court,
D. Idaho.

Jan. 11, 1977.

Samuel Eismann, Coeur d'Alene, Idaho, for petitioner, George D. Rowley.

Jerrold E. Park, McFadden & Park, St. Maries, Idaho, for claimants, Richard W. Mays and Lucille Mays, as parents of Jack Dean Mays, deceased.

Gary H. Pigman, Hayden Lake, Idaho, and Howard K. Michaelsen, and Michaelsen & Lee, Spokane, Wash., for claimant, Debra Lynn Pedigo, an infant, by Carol L. Pedigo, her guardian ad litem.

## DECISION AND ORDER FOR JUDGMENT

HAUK, District Judge.*

1. Complaint by Petitioner ROWLEY for exoneration from, or limitation of, liability and customary pleadings in Admiralty.

2. Motion to Dismiss said Complaint brought by the Claimants, and Order Denying said Motion to Dismiss (The Honorable Ray McNichols, Chief Judge, United States District Court for the District of Idaho).

* Sitting as United States District Judge, District of Idaho, by designation of Chief Judge James

3. Stipulation of Facts and Questions of Law submitted by all parties through their counsel.

4. Affidavits, Briefs and Points and Authorities in Support of various of the above.

At the outset we note that the parties have stipulated to this Court trial without any hearing, argument, or physical presence of counsel or parties, and solely upon the pleadings and papers hereinabove referred to and on file herein, with only one issue left to be determined.

To be more specific, the Stipulation of Facts and Question of Law reads as follows:

"Counsel for all parties hereto stipulate to the following facts in the above-entitled action.

"That on or about July 20, 1974, at approximately 5:00 p. m. two children were floating on air mattresses about 200 feet from shore on Lake Coeur d'Alene, Idaho.

"That at the same time and place a 1968 16 foot Inboard/Outboard 120 horsepower Bellboy Power Boat owned by GEORGE D. ROWLEY and driven by his daughter, CINDY ROWLEY, age 20, was towing a water skier and had a third person in the boat as an observer, when the boat did collide with the two children. That as a result of the collision, one child was killed and the other child was seriously injured.

"That GEORGE D. ROWLEY, who was not present at the time of the accident, had no privity or knowledge of the collision and the results thereof, and had no reason to forsee (sic) that an accident would occur.

"That Lake Coeur d'Alene, Idaho, is a lake totally within the boundaries of the State of Idaho and by the use of the waters of the lake and those flowing into the lake it is not possible to reach ports of call other than in the State of Idaho without removing the vessel or boat onto

R. Browning, Court of Appeals for the Ninth Circuit, dated December 14, 1976.

land and transporting it to another body of water.

"That the boat herein described is a pleasure boat used only for pleasure and possibly for recreational sport fishing.

"That it is further stipulated that the only question for the Court to decide is:

"Whether or not Lake Coeur d'Alene, Idaho, is a navigable body of water as to fall within the jurisdiction of the Admiralty Court, Section 1333 of the Judicial Code, and if so, then the owner of the boat involved in the accident is entitled to an order limiting his liability for the accident to the value of the boat.

"That it is further stipulated that this matter may be decided by the court without the physical presence and argument of counsel but on the briefs submitted and on file herein."

It is thus obvious that the sole issue before the Court is one of law which can be stated in three propositions:

1. Does Lake Coeur d'Alene, Idaho, constitute "navigable waters of the United States?"

2. If so, does this Court have jurisdiction of the proceedings herein?

3. If so, is the owner of the boat, involved in the accident, Petitioner ROWLEY, entitled to an order limiting his liability for the accident to the value of the boat?

## I. NAVIGABLE WATERS OF THE UNITED STATES

■ This issue has, in the view of this Court, become moot by reason of *res judicata.* This Court is precluded by Chief Judge McNichols' "Order Denying Motion to Dismiss" made and filed herein in these proceedings on February 24, 1975. In that Order, Chief Judge McNichols took judicial notice that Lake Coeur d'Alene, Idaho, was and is factually and historically, a navigable body of water in Idaho, retaining that status both as of the date of the unfortunate accident which initiated this litigation and as of the date of his Order.

Relying upon 33 C.F.R. 2.34–1 (C.G.F.R. 66–2, 31 F.R. 4956, March 25, 1966) wherein Lake Coeur d'Alene, by special determination of the United States Coast Guard, United States Department of Transportation, was declared "Navigable Waters of the United States—Idaho", Chief Judge McNichols held that this regulation specifically determined what the District Court of Idaho "has frequently heretofore held", that Lake Coeur d'Alene was and is part of the "navigable waters of the United States".

It perhaps is worthy of note that Chief Judge McNichols' finding is a clear and succinct summary of the definition of "navigable waters of the United States", declared in 33 C.F.R. 2.10–5 (C.G.F.R. 6–53, 26 F.R. 12159, December 20, 1961):

"[T]he term 'navigable waters of the United States' shall be construed to mean those waters of the United States, including the territorial seas adjacent thereto, the general character of which is navigable, and which, either by themselves or by uniting with other waters, form a continuous waterway on which boats or vessels may navigate or travel between two or more States, or to or from foreign nations. A stream which otherwise conforms with the above definition would not change its navigable character because of the existence of natural or artificial obstructions such as falls, shallows, rapids, dams, or bridges."

## II. JURISDICTION OF THE COURT

■ The next issue must be decided in the affirmative upon the stipulated· facts and upon the findings and the law heretofore recited. Since Lake Coeur d'Alene is a navigable body of water of the United States, this Court has admiralty and maritime jurisdiction under 46 U.S.Code § 740, which provides;

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, . . .",

and under the Judicial Code, 28 U.S.Code § 1333, which provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction  .  .  .".

### III. LIMITATION OF BOAT OWNER'S LIABILITY

 This final issue also must be answered in favor of the boat owner, Petitioner ROWLEY. Under the stipulated facts, ROWLEY, "was not present at the time of the accident, had no privity or knowledge of the collision and the results thereof, and had no reason to forsee (sic) that an accident would occur". Tested by the "Limitation of Shipowners' Liability Act", 46 U.S. Code § 183(a), and 46 U.S.Code § 188, it is beyond controversy that the facts are within the statutory scheme which necessarily limits Petitioner ROWLEY'S liability here to the amount or value of his owner's interest in the boat involved in the accident. Thus, 46 U.S.Code § 183(a):

"The liability of the owner of any vessel, whether American or foreign  .  .  . for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section [cases of seagoing vessels not applicable here], exceed the amount or value of the interest of such owner in such vessel,  .  .  .".

and

46 U.S.Code § 188:

"Except as otherwise specifically provided therein, the provisions of sections .  .  . 183 .  .  . of this title shall apply  .  .  . to all vessels used on lakes  .  .  .".

### IV. ORDER FOR JUDGMENT

In accordance with the foregoing Decision, which shall constitute Findings of Fact and Conclusions of Law herein, pursuant to the Federal Rules of Civil Procedure applicable hereto:

IT IS HEREBY ORDERED that Judgment be made and entered forthwith accordingly, limiting the liability herein of the boat owner, Petitioner ROWLEY, to the amount or value of his interest in the boat involved in the accident which initiated these proceedings. Unfortunately, although the facts of this case involve a tragic accident resulting in grievous loss of life and limb, this Court has no alternative other than to order the Judgment indicated.